11 CV 9721

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Clinton Campbell
_____
_____

RECEIVED
PRO SE OFFICE
2011 DEC 30 PM 2:05

(In the space above enter the full name(s) of the plaintiff(s).)

v.

Defendant No. 1 __Stephen Bevardi_____

Defendant No. 2 __DANiel Berveto_____

Defendant No. 3 __John Doe_____

Defendant No. 4 _____

Defendant No. 5 _____

**COMPLAINT**
under the
Civil Rights Act, 42 U.S.C. § 1983

Jury Trial: Yes ✓ No ___
(check one)

(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. No addresses should be included here.)

**I.   Parties in this complaint:**

A.   List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff   Name __Clinton Campbell_____
            ID # __11R1915_____
            Current Institution __Watertown Correctional Facility__
            Address __P.O Box 168_____
            __Watertown New York, 13601-0168__

B.   List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

1

Defendant No. 1  Name **Stephen Bevardi** Shield # **29456**
Where Currently Employed **N.Y.C.P.D 075**
Address **1000 Sutter Ave, Brooklyn N.Y. 11208**

Defendant No. 2  Name **Daniel Bevreto** Shield # **29988**
Where Currently Employed **N.Y.C.P.D 075**
Address **1000 Sutter Ave. Brooklyn N.Y. 11208**

Defendant No. 3  Name **John Doe** Shield # ____
Where Currently Employed **N.Y.C.P.D 075**
Address **1000 Sutter Ave Brooklyn N.Y. 11208**

Defendant No. 4  Name ____ Shield # ____
Where Currently Employed ____
Address ____

Defendant No. 5  Name ____ Shield # ____
Where Currently Employed ____
Address ____

## II. Statement of Claim:

State as briefly as possible the <u>facts</u> of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. In what institution did the events giving rise to your claim(s) occur? ____

B. Where in the institution did the events giving rise to your claim(s) occur? ____

C. What date and approximate time did the events giving rise to your claim(s) occur? ____

| | |
|---|---|
| D. Facts: | |
| What happened to you? | Mr Campbell Clinton was Seized at Gun point on Friday 11 of February 2011 When he came to the door to open it for his Friend Mr. Sean Levy and his Friend to Exit at 841 Livonia AVE Brooklyn NY 11207 |
| Who did what? | Police officer Stephen Berardi and his associates burst through the door handcuff us and then search the house without a warrant, Release three Guys and take Plaintiff to the 75 Pricint |
| Was anyone else involved? | Mr Sean Levy - 675 Hendrix AVE Brooklyn, N.Y 11207  347-217-5788  Mr. Damian Julien 841 Livonia AVE, Brooklyn NY 11207  347-865-0356 |
| Who else saw what happened? | Mr Levy's Friend Goes by the name Coach. Was visiting with him, at the time of occurence. See Complaint |

## III. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. I Sustain Injury to My Lower back, and Rib When I was kicked and Punch by Police officer Stephen Berardi While lay face down on the floor in handcuffs

## IV. Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?
Yes ___ No ✓

3

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). _____
_____

B.  Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

    Yes ____   No ____   Do Not Know ____

C.  Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

    Yes ____   No ____   Do Not Know ____

If YES, which claim(s)? _____

D.  Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose <u>not</u> cover some of your claim(s)?

    Yes ____   No ____   Do Not Know ____

If YES, which claim(s)? _____

E.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

    Yes ____   No ____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

    Yes ____   No ____

F.  If you did file a grievance, about the events described in this complaint, where did you file the grievance? _____

   1.  Which claim(s) in this complaint did you grieve? _____
       _____

   2.  What was the result, if any? _____
       _____

   3.  What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. _____
       _____
       _____
       _____
       _____

G.  If you did not file a grievance, did you inform any officials of your claim(s)?

4

Yes _____ No _____

1. If YES, whom did you inform and when did you inform them? _____

2. If NO, why not? _____

I. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. _____

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

V. **Relief:**

State what you want the court to do for you. I am Requesting A Punitive And Monetary Award in the Amount of $1,000,000,000 This is For pains And Emotional Stress that I Encumbered From the Assault of the New York City Police officers and also on the grounds of unlawful arrest of Plantiff in his home at the time and date of occurence.

VI. **Previous lawsuits:**

[On these claims]

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____ No _____

B. If your answer to A is YES, describe each lawsuit in questions 1 through 7 on the next page. (If

5

there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1. Parties to this previous lawsuit: _____
Plaintiff _____
Defendants _____
2. Court (if federal court, name the district; if state court, name the county) _____
_____
3. Docket or Index number _____
4. Name of Judge assigned to your case _____
5. Approximate date of filing lawsuit _____
6. Is the case still pending? Yes ____ No ____
If NO, give the approximate date of disposition _____
7. What was the result of the case? (for example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____
_____
_____

[On other claims]

D. Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment? Yes ____ No ____

E. If your answer to D is YES, describe each lawsuit in questions 1 through 7 on the next page. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1. Parties to this previous lawsuit: _____
Plaintiff _____
Defendants _____
2. Court (if federal court, name the district; if state court, name the county) _____
_____
3. Docket or Index number _____
4. Name of Judge assigned to your case _____
5. Approximate date of filing lawsuit: _____
6. Is the case still pending? Yes ____ No ____
If NO, give the approximate date of disposition _____
7. What was the result of the case? (for example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____
_____
_____

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) DISMISSED 10-5-2011

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 27 day of Dec., 2011.

Signature of Plaintiff: C. Campbell
Inmate Number: 11-R-1-9-1-5
Institution Address: Watertown Corr. Facility
P.O. Box 168
Watertown N.Y. 13601-0168

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this 27 day of Dec., 2011, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: C Campbell

*Rev. 05/2007*

7

(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as requir by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the u of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Kings__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __Kings__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- 1 U.S. Government Plaintiff
- 2 U.S. Government Defendant
- 3 Federal Question (U.S. Government Not a Party)
- 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury — Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury — Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | **PROPERTY RIGHTS** | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | **PERSONAL PROPERTY** | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 810 Selective Service |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth in Lending | 690 Other | | 850 Securities/Commodities/Exchange |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | 875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 891 Agricultural Acts |
| 195 Contract Product Liability | | | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 730 Labor/Mgmt. Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 893 Environmental Matters |
| 210 Land Condemnation | ☒ 441 Voting | 510 Motions to Vacate Sentence | 740 Railway Labor Act | 864 SSID Title XVI | 894 Energy Allocation Act |
| 220 Foreclosure | 442 Employment | HABEAS CORPUS: | | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations | 530 General | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | | 535 Death Penalty | | 870 Taxes (U.S. Plaintiff or Defendant) | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 444 Welfare | 540 Mandamus & Other | 791 Empl. Ret. Inc. Security Act | 871 IRS — Third Party 26 USC 7609 | 890 Other Statutory Actions |
| 290 All Other Real Property | ☒ 440 Other Civil Rights | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |

## ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from another district (specify)
- 6 Multidistrict Litigation
- 7 Appeal to District Judge from Magistrate Judgment

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**I. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ ___   CHECK YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO

**II. RELATED CASE(S) IF ANY** (See instructions):   JUDGE ___   DOCKET NUMBER ___

SIGNATURE OF ATTORNEY OF RECORD

OFFICE USE ONLY

RPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

## CERTIFICATE OF SERVICE BY MAIL

State of New York      :

                                ss:

County of _JEfferson_ :

            I, _Clinton Campbell_ , hereby certify: that I am the plaintiff herein and served a copy of the following document(s):

_____

on (Name and Address):

_Campbell Clinton_
_Watertown Correctional Facility_
_P.O. Box 168 Watertown New York, 13601-0168_

_____

by mailing and depositing a true and correct copy of said document(s) in a mailbox located at: _215-52 JAMaica AVE. Queens, 11428_ on the following date: _02-07-2012_ .

         I declare under penalty of perjury that the foregoing is true and correct.

DATED:

                                       _C. Campbell_
                                 Signature of Plaintiff

                  FORM H-(2)

# U.S. Department of Justice
## United States Marshals Service

**PROCESS RECEIPT AND RETURN**
See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.

| | |
|---|---|
| **PLAINTIFF** Campbell Clinton | **COURT CASE NUMBER** 2011 KNO 11418 |
| **DEFENDANT** Stephen Berardi - Daniel Berroto - John Doe | **TYPE OF PROCESS** |

**SERVE**
NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
New York City Police Department

**AT** ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)
1000 Sutter Ave. Brooklyn NY 11207

**SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:**

Arlow, Arlow, Arlow
71-18 Main Street
Flushing, NY 11367-2105
718-544-4100

| | |
|---|---|
| Number of process to be served with this Form - 285 | |
| Number of parties to be served in this case | 3 |
| Check for service on U.S.A. | |

**SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE** (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

Signature of Attorney or other Originator requesting service on behalf of:
☒ PLAINTIFF
☐ DEFENDANT
**TELEPHONE NUMBER** 718-766-8821
**DATE** 12-27-11

---

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted)

| Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|
| | | | | |

☐ I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

Name and title of individual served (if not shown above)

Address (complete only if different than shown above)

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Date of Service | Time | am / pm

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| | | | | | | |

**REMARKS:**

---

PRIOR EDITIONS MAY BE USED

**1. CLERK OF THE COURT**

FORM USM-285 (Rev. 12/15/80)

To whom it may concern

Re..Clinton CampBell.
Din#11R1915,
NYSD#8838094H
Watertown Correctional Facility
P.O.Box 168
watertown,New YORK 13601-0168

Plaintiff would like to state and put these facts on the record to preserve this argument on the courts original record,

Plaintiff was at his home on February 11,2011.
Plaintiff have witness to testify to this claim that plaintiff was at 841 Livonia AVE.AT AROUND 927pm,when three men with guns drawn seized plaintiff as plaintiff came to the door to open it for his guest to exit who was visiting at the time,they was screaming police get down on the floor they forced plaintiff along with his two guest to the floor at gun point,

However,plaintiff was handcuffed while laying face down toward the floor no miranda warning was read to plaintiff.

while plaintiff was laying on the floor handcuffed by his hands at the back of his body still not sure who these guys were because no police badges,no identification was diplayed plaintiff thought that he was robbed,however,while plaintiff was on the floor he was kicked in his lower back and punched in his ribs by one of the officer who was later identified as police officer Stephen Berardi badge # 29456 of 075 pricint in Brooklyn,using excessive force unnecessarily since plaintiff was already handcuffed,detained subdued and deliberately arrested which is in violation of the Fourth Amendment rights of the United States Constitution,

However, plaintiff emphasized that although plaintiff was experiencing excruiateing pain from the assault on plaintiff body by the hands of police officer Stephen Berardi,plaintiff request to call an ambulance to take plaintiff to the hospital to seek medical attention was denied,

Wherefore, a second police officer Daniel Berreto badge#29988 searched another occupant of plaintiff residence,A third officer stood in front of the doorway to plaintiffs resident,however this officer was not mention in the criminal accusatory instrumen

   Plaintiff asserts as a whole that the entire process method used to detained and charged plaintiff upon further criminal action by the county of Kings Didtrict Attorneys Office deprives plaintiff of procedural due process claus of the Fifth Amendment of the Fourteenth Amendment.
Plaintiff asserts that he was deprived of equal protection of Fourth Amendment right to be secure in plaintiffs person and place of abode,the arrest result fom an abuse of authority and and peversion of proper legal process and abuse of process.
plaintiff also asserts that he was not arrested on the street as claimed by the arresting officers Stephen Berardi badge#29456 and Daniel Berreto badge#29988,
                              continued.

In Addition plaintiff had seven hundred Dollars in cash in his home a Metro Pc.cell Phone,a Wallet,a Bunch of Keys which the officers chose to leave with another occupant of plaintiffs residence ,however,plaintiff stepson Jahmoll Castell was able to retrieve them later except for the cash which plaintiff did not receive a voucher,

Plaintiffs Apartment was thoroughly searched without a search warrant as required by Law to proceed with this kind of conduct by Law Enforcement in the State of New York ,plaintiff was severely Prejudiced and Deprived of basic fundamental rights of one of the most founded Freedom of the criminal Jurisprudence.

*Clinton Campbell*
*C Campbell*

## To whom it may concern

### Illegal search and seizure and the right to privacy

SEARCHES AND SEIZURES CONDUCTED IN VIOLATION OF THE Fourth and Foouteenth Amendent are actionable under the civil rights acts An unlawful search or seizure infringing upon either personal liberty or property rights creates a cause of action, search and seizure problems are presented in a wide variety of circumstances.

Where an individual has consented voluntarily to search it will not violate his constitutional rights even if the officers had no warrant and no probable cause for the search and entry is constitutionally permissible when the police obtain the voluntary consent of an occupant who shares,orwho they reasonable believe shares common authority over premises and any co-occupant are absent or do not object.where co-occupant are present,however,an objection by one will ordinarily render entry unreasonable and unconstitutional,even though another co-occupant consent to the search.When officers enter a home with the consent of the occupant,if consent is later withdrawn they must leave promptly unless they have independent legal authority to remain,

Asearch conducted pursuant to a warrant generally may not be challenged unless the lack of probable cause was so apparent that the officer should have known it was absent.if it is proven that the defendant purposely falsified material aspects of the warrant,his conduct may be subject to a §1983 suit.Asearch with a warrant that violates the proscription against general warrants and/or the particularity requirement of the FOURTH Amendent may create liability.

The search of a residence without a warrant and without probable cause subjects officers to §1983 liability.the police may not enter the home of a suspect to make his arrest without an arrest warrant,absent exigent circumstances.

Gun-Seizure of defendant in his door-way when he came to the door constitutes awarrantless invasion into defendants home rather than a warrantless arrest in public place see people V. Beckford 1980,102,misc 2d,963,427,N.Y.S.2d,908,arrest 68,10.

*Clinton Campbell.*

Div# 11R1915
*C.Campbell*

To whom it may concern

Re..Clinton CampBell.
Din#11R1915,
NYSD#8838094H
Watertown Correctional Facility
P.O.Box 168
watertown,New YORK 13601-0168

Plaintiff would like to state and put these facts on the record to preserve this argument on the courts original record,

Plaintiff was at his home on February 11,2011.
Plaintiff have witness to testify to this claim that plaintiff was at 841 Livonia AVE.AT AROUND 927pm,when three men with guns drawn seized plaintiff as plaintiff came to the door to open it for his guest to exit who was visiting at the time,they was screaming police get down on the floor they forced plaintiff along with his two guest to the floor at gun point,

However,plaintiff was handcuffed while laying face down toward the floor no miranda warning was read to plaintiff.

while plaintiff was laying on the floor handcuffed by his hands at the back of his body still not sure who these guys were because no police badges,no identification was diplayed plaintiff thought that he was robbed,however,while plaintiff was on the floor he was kicked in his lower back and punched in his ribs by one of the officer who was later identified as police officer Stephen Berardi badge # 29456 of 075 pricint in Brooklyn,using excessive force unnecessarily since plaintiff was already handcuffed,detained subdued and deliberately arrested which is in violation of the Fourth Amendment rights of the United States Constitution,

However, plaintiff emphasized that although plaintiff was experiencing excruiateing pain from the assault on plaintiff body by the hands of police officer Stephen Berardi,plaintiff request to call an ambulance to take plaintiff to the hospital to seek medical attention was denied,

Wherefore, a second police officer Daniel Berreto badge#29988 searched another occupant of plaintiff residence,A third officer stood in front of the doorway to plaintiffs resident,however this officer was not mention in the criminal accusatory instrumen

   Plaintiff asserts as a whole that the entire process method used to detained and charged plaintiff upon further criminal action by the county of Kings Didtrict Attorneys Office deprives plaintiff of procedural due process claus of the Fifth Amendment of the Fourteenth Amendment.
Plaintiff asserts that he was deprived of equal protection of Fourth Amendment right to be secure in plaintiffs person and place of abode,the arrest result fom an abuse of authority and and peversion of proper legal process and abuse of process.
plaintiff also asserts that he was not arrested on the street as claimed by the arresting officers Stephen Berardi badge#29456 and Daniel Berreto badge#29988,
                              continued.

In Addition plaintiff had seven hundred Dollars in cash in his home a Metro Pc.cell Phone,a Wallet,a Bunch of Keys which the officers chose to leave with another occupant of plaintiffs residence ,however,plaintiff stepson Jahmoll Castell was able to retrieve them later except for the cash which plaintiff did not receive a voucher,

Plaintiffs Apartment was thoroughly searched without a search warrant as required by Law to proceed with this kind of conduct by Law Enforcement in the State of New York ,plaintiff was severely Prejudiced.and Deprived of basic fundamental rights of one of the most founded Freedom of the criminal Jurisprudence.

*Clinton Campbell*
*C Campbell*

To whom it may concern

Re..Clinton CampBell.
Din#11R1915,
NYSD#8838094H
Watertown Correctional Facility
P.O.Box 168
watertown,New YORK 13601-0168

Plaintiff would like to state and put these facts on the record to preserve this argument on the courts original record,

Plaintiff was at his home on February 11,2011.
Plaintiff have witness to testify to this claim that plaintiff was at 841 Livonia AVE.AT AROUND 927pm,when three men with guns drawn seized plaintiff as plaintiff came to the door to open it for his guest to exit who was visiting at the time,they was screaming police get down on the floor they forced plaintiff along with his two guest to the floor at gun point,

However,plaintiff was handcuffed while laying face down toward the floor no miranda warning was read to plaintiff.

while plaintiff was laying on the floor handcuffed by his hands at the back of his body still not sure who these guys were because no police badges,no identification was diplayed plaintiff thought that he was robbed,however,while plaintiff was on the floor he was kicked in his lower back and punched in his ribbs by one of the officer who was later identified as police officer Stephen Berardi badge # 29456 of 075 pricint in Brooklyn,using excessive force unnecessarily since plaintiff was already handcuffed,detained subdued and deliberately arrested which is in violation of the Fourth Amendment rights of the United States Constitution,

However, plaintiff emphasized that although plaintiff was experiencing excruiateing pain from the assault on plaintiff body by the hands of police officer Stephen Berardi,plaintiff request to call an ambulance to take plaintiff to the hospital to seek medical attention was denied,

Wherefore, a second police officer Daniel Berreto badge#29988 searched another occupant of plaintiff residence,A third officer stood in front of the doorway to plaintiffs resident,however this officer was not mention in the criminal accusatory instrumen

Plaintiff asserts as a whole that the entire process method used to detained and charged plaintiff upon further criminal action by the county of Kings Didtrict Attorneys Office deprives plaintiff of procedural due process claus of the Fifth Amendment of the Fourteenth Amendment.
Plaintiff asserts that he was deprived of equal protection of Fourth Amendment right to be secure in plaintiffs person and place of abode,the arrest result fom an abuse of authority and and peversion of proper legal process and abuse of process.
plaintiff also asserts that he was not arrested on the street as claimed by the arresting officers Stephen Berardi badge#29456 and Daniel Berreto badge#29988,

continued.

In Addition plaintiff had seven hundred Dollars in cash in his home a Metro Pc.cell Phone,a Wallet,a Bunch of Keys which the officers chose to leave with another occupant of plaintiffs residence ,however,plaintiff stepson Jahmoll Castell was able to retrieve them later except for the cash which plaintiff did not receive a voucher,

Plaintiffs Apartment was thoroughly searched without a search warrant as required by Law to proceed with this kind of conduct by Law Enforcement in the State of New York ,plaintiff was severely Prejudiced and Deprived of basic fundamental rights of one of the most founded Freedom of the criminal Jurisprudence.

*Clinton Campbell*
*C Campbell*